Filed 10/16/20  P. v. Harris CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARREN LARUE HARRIS,<br><br>    Defendant and Appellant. | B304797<br><br>(Los Angeles County Super. Ct. No. YA067034) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In 2007, a jury found defendant and appellant Darren Larue Harris guilty of two counts of making criminal threats (Pen. Code, § 422 [counts 1 and 2]).[1]  Defendant was sentenced to 30 years to life, consisting of concurrent terms on counts 1 and 2 of 25 years-to-life, pursuant to the three strikes law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), because he had previously been convicted of five counts of robbery (§ 211), one count of attempted robbery (§§ 211, 664), and one count of assault with a firearm (§ 245, subd. (a)(2)), plus five years for a habitual criminal enhancement (§ 667, subd. (a)(1)).

In 2014, Harris filed a petition for recall of sentence pursuant to section 1170.126, enacted in 2012 by the passage of Proposition 36.  The 2014 petition was denied by the sentencing judge, Mark Arnold, on the grounds that a violation of section 422 is a serious felony under section 1192.7, subdivision (c)(38), rendering Harris ineligible for relief under the express terms of section 1170.126, subdivision (e)(1).  Harris appealed, and we dismissed the appeal in 2015, after Harris declined appointed counsel and failed to retain private counsel.

On December 5, 2019, Harris filed a second petition for recall of sentence pursuant to section 1170.126, asserting he met the criteria under section 1170.126, subdivision (e), and that a recall of his sentence would not pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).)  On

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

January 17, 2020, Judge William C. Ryan dismissed Harris's December 5, 2019 petition, finding it untimely because it was filed more than two years after section 1170.126 took effect on November 7, 2012.  (§ 1170.126, subd. (f).)  Harris appealed.

We appointed counsel to represent Harris in the current appeal.  After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).  On June 9, 2020, we advised Harris that he had 30 days to submit any contentions or issues he wished us to consider.  On June 22, 2020, Harris submitted a document captioned "Motion for Marden [*sic*] Hearing and request for the Attorney General to initiate an FBI (corruption probe) investigation."  On July 10, 2020, we granted permission to file the document as a supplemental brief.  Harris's supplemental brief recounted correspondence between Harris and the attorney appointed for this appeal, asserting that the appointed attorney deprived Harris of due process by wrongfully advising him that his conviction for violating section 422 (criminal threats) is a serious felony, and that he was not eligible for resentencing under section 1170.126.  Harris's supplemental briefing did not address the trial court's ruling that Harris was no longer eligible for resentencing at the time he filed his petition, absent a showing of good cause.  (§ 1170.126, subd. (b).)

On August 10, 2020, Harris filed a document captioned "Amendment to Marsden Hearing Request/Motion," which

3

we will refer to as the Amendment.  The Amendment corrected a citation in Harris's previous briefing and raised various arguments under Penal Code section 667, subdivision (a)(1), that do not overcome the untimely nature of his resentencing petition.

We have examined the entire record and are satisfied that Harris's appointed attorney has fully complied with his responsibilities and that no arguable issues exist, with respect to either the merits of the appeal or the Marsden motion.  (*Wende, supra*, 25 Cal.3d 436.)  The trial court's order is affirmed.


MOOR, J.

We concur:



RUBIN, P. J.



BAKER, J.

4